956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence Lee JONES, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 91-6159.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 This is an appeal from an order denying a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, a Fayette County, Kentucky, jury convicted Clarence Lee Jones and a co-defendant of murder and first degree robbery. Both defendants were sentenced to life imprisonment without the benefit of parole for 25 years on the murder conviction, and 20 years on the robbery conviction, to be served consecutively.
 
 
 4
 On October 6, 1988, the Kentucky Supreme Court affirmed Jones's conviction on direct appeal. The same seven claims raised in Jones's direct appeal were presented in the present petition for federal habeas corpus relief and are as follows:
 
 
 5
 1.) The trial court abused its discretion and committed reversible error when it overruled Jones's objection and request for an admonition since Ms. Wallace's testimony violated RCr 9.48.
 
 
 6
 2.) The trial court erred to Jones's substantial prejudice and violated Jones's constitutional guarantee against double jeopardy as well as his right to be free from multiple punishment by permitting Jones to be convicted of murder as well as first degree robbery.
 
 
 7
 3.) The trial court erred to Jones's substantial prejudice and denied Jones due process of law when it failed to instruct the jury, over Jones's objection, on the offense of second degree manslaughter.
 
 
 8
 4.) The trial court's "combination" murder instruction was improper and denied Jones his rights under the Sixth, Eighth, and Fourteenth Amendments to the Federal Constitution, Sections Seven and Eleven of the Kentucky Constitution, and RCr 9.82.
 
 
 9
 5.) The trial court abused its discretion and denied Jones due process of law when it overruled Jones's motion for a separate trial.
 
 
 10
 6.) Jones was deprived of his rights under the Eighth and Fourteenth Amendments and Sections Eleven and Seventeen of the Kentucky Constitution when the trial court excluded relevant evidence at the penalty phase of Jones's trial.
 
 
 11
 7.) The trial court erred to Jones's substantial prejudice and violated the Eighth and Fourteenth Amendments to the Federal Constitution by failing to give Jones's requested instruction on all applicable mitigating circumstances.
 
 
 12
 The matter was referred to a magistrate judge who issued a report recommending that the habeas corpus petition be denied as lacking merit. Despite Jones's timely objections, the district court adopted the magistrate judge's report and recommendation and entered an order denying the petition. On appeal, Jones requests the appointment of counsel and a transcript at government expense.
 
 
 13
 Upon consideration, we find no error in the district court's actions. The court's reliance on the procedural defaults to forestall consideration of issues one and six was proper. See Harris v. Reed, 489 U.S. 255, 262-63 (1989). Jones has failed to establish cause and prejudice to excuse his procedural defaults in the Kentucky state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Furthermore, he has failed to present an extraordinary case of actual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 14
 Upon further consideration, we conclude that Jones was not denied the rudimentary demands of fair procedure with respect to the remaining issues. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 15
 Accordingly, the requests for counsel and for a transcript at government expense are denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation